Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/04/2019 08:06 AM CST

Roy J. Rouse, appellant, v.
State of Nebraska et al., appellees.
___ N.W.2d ___

Filed January 4, 2019.    No. S-18-129.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

3. **Constitutional Law: Immunity: Waiver.** Under the 11th Amendment, a nonconsenting state is generally immune from suit unless the state has waived its immunity.

4. **Tort Claims Act: Legislature: Immunity: Waiver.** The Legislature has provided limited waivers of the State's sovereign immunity through the State Tort Claims Act, subject to statutory exceptions.

5. **Statutes: Appeal and Error.** Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

6. **Statutes: Immunity: Waiver.** Statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver.

7. **Immunity: Waiver.** To strictly construe against a waiver of sovereign immunity, courts broadly read exceptions to a waiver of sovereign immunity.

8. **Statutes: Immunity: Waiver.** A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.

9. **Constitutional Law: Tort Claims Act: Immunity: Appeal and Error.**
An appellate court must determine whether the constitution and statutes
provide sovereign immunity by reference to the nature of the underly-
ing dispute. Where the facts are undisputed, whether an exception to
immunity under the State Tort Claims Act precludes suit is a question
of law.

10. **Tort Claims Act: Federal Acts.** Nebraska's State Tort Claims Act is
patterned after the Federal Tort Claims Act.

11. **Tort Claims Act: Police Officers and Sheriffs.** The structure and text
of Neb. Rev. Stat. § 81-8,219(2) (Reissue 2014) demonstrate that the
broad phrase "any law enforcement officer" covers all law enforcement
officers, including correctional officers.

Appeal from the District Court for Lancaster County: Kevin
R. McManaman, Judge. Affirmed.

Roy J. Rouse, pro se.

Douglas J. Peterson, Attorney General, and David A. Lopez
for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Roy J. Rouse is an inmate in the custody of the Nebraska
Department of Correctional Services (DCS) who filed suit
against various defendants in the district court for Lancaster
County under the State Tort Claims Act (STCA), alleging that
his personal property was seized and improperly disposed of
by DCS personnel. In an order filed January 12, 2018, the
district court granted all defendants' motions to dismiss. In its
order, the district court determined that Rouse's claims against
the individual defendants were barred by qualified immunity.
The district court also determined that the claim against the
State arose with respect to the detention of goods by DCS
personnel who are law enforcement officers and was barred
under Neb. Rev. Stat. § 81-8,219(2) (Reissue 2014), because
the claim was an exception to the STCA's waiver of sovereign

immunity. Section 81-8,219(2) provides that the State does not waive sovereign immunity for claims "arising with respect to the assessment or collection of any tax or fee, or the detention of any goods or merchandise by any law enforcement officer." Rouse appeals from the portion of the order which dismissed his action against the State. We affirm.

## STATEMENT OF FACTS

Rouse was an inmate housed at the Lincoln Correctional Center at the time of the events that gave rise to this action. Rouse brought this action under the STCA, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014). He sued the State and various individuals by name. He alleged that when he was assigned to segregation on July 24, 2015, DCS personnel searched his cell and seized and negligently disposed of some of his personal property, including reference books, irreplaceable photographs, personal items, clothing, a sewing kit, and a compact disc player. Rouse attached exhibits to his complaint related to his claimed missing property, including letters denying his claims made through the grievance procedure, photographs of the missing items from the evidence file, and an itemized valuation of his property totaling $1,059.87.

All defendants moved to dismiss Rouse's claim. In a consolidated order, the district court granted all defendants' motions to dismiss. The district court determined that the claims against the individual defendants were barred by qualified immunity. Rouse does not assign error to this portion of the district court's order. The district court next considered whether the STCA's detention of goods exception, which provides that the waiver of immunity under the STCA shall not apply to "'[a]ny claim arising with respect to the assessment or collection of any tax or fee, or the detention of any goods or merchandise by any law enforcement officer,'" bars Rouse's claim. See § 81-8,219(2).

The district court found that under § 81-8,219(2), corrections officers are "'any law enforcement officers'" and that the loss

of Rouse's personal property was a "'detention of any goods or merchandise'" by such officers under that statute. The district court ultimately concluded that Rouse's claim was within the exception to the State's waiver of sovereign immunity under § 81-8,219(2) and that thus, his action was barred by sovereign immunity. The district court dismissed Rouse's action.

Rouse appealed.

## ASSIGNMENTS OF ERROR

Rouse claims, summarized and restated, that the district court erred when it dismissed his claims against the State. He specifically contends that the State should not have been protected by sovereign immunity under the STCA detention of goods exception, § 81-8,219(2), because DCS personnel who detained his property are not "law enforcement officer[s]."

## STANDARDS OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

[2] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id*.

## ANALYSIS

This appeal presents the issue of whether exceptions to the STCA's limited waiver of immunity in § 81-8,219 relating to "the detention of any goods or merchandise by any law enforcement officer" protects the State from Rouse's claim that DCS personnel mishandled his inmate property. Rouse contends that the portion of the STCA at issue should not shield the State from his claims, because DCS personnel are not "law enforcement officer[s]."

The applicable exception to the waiver of sovereign immunity is § 81-8,219, which provides: "The State Tort Claims Act

shall not apply to: . . . (2) Any claim arising with respect to the assessment or collection of any tax or fee, or the detention of any goods or merchandise by any law enforcement officer." For purposes of this opinion, we assume without deciding that DCS personnel "detained" Rouse's property and thus satisfy § 81-8,219(2)'s "arising with respect to . . . the detention" requirement.

*Statutory Waivers of Immunity and Exceptions to Waiver Are Construed in Favor of the Sovereign.*

[3-5] Under the 11th Amendment, a nonconsenting state is generally immune from suit unless the state has waived its immunity. U.S. Const. amend. XI; *Amend v. Nebraska Pub. Serv. Comm., supra*. Nebraska Const. art. V, § 22, provides: "The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." The Legislature has provided limited waivers of the State's sovereign immunity through the STCA, subject to statutory exceptions. See § 81-8,219. Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Amend v. Nebraska Pub. Serv. Comm., supra*.

[6-8] Statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver. *Id*. To strictly construe against a waiver of sovereign immunity, we broadly read exceptions to a waiver of sovereign immunity. See *id*. A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction. *Id*.

[9] An appellate court must determine whether the constitution and statutes provide sovereign immunity by reference to the nature of the underlying dispute. See *id*. Where the facts are undisputed, whether an exception to immunity under the STCA precludes suit is a question of law. *Id*.

*"[A]ny law enforcement officer" in § 81-8,219(2)
Includes DCS Correctional Officers.*

As noted, § 81-8,219(2) provides that the State does not waive sovereign immunity for claims "arising with respect to . . . the detention of any goods or merchandise by any law enforcement officer." If this exception to the STCA's limited waiver of immunity applies to Rouse's claims, his case was barred and properly dismissed. Rouse contends that the district court erred, because the exception to the State's waiver of immunity for acts related to "the detention of any goods or merchandise by any law enforcement officer" does not apply to correctional officers. He also refers to other statutes in support of his contention. In contrast, the State asserts that Rouse's action is barred by the language of § 81-8,219(2) and that such reading is supported by other Nebraska statutes. We agree with the State that § 81-8,219(2) bars Rouse's action.

[10] The leading case relied upon by the district court and the State interpreted a provision of the Federal Tort Claims Act which is similar to § 81-8,219(2). See *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008). The Federal Tort Claims Act, at 28 U.S.C. § 2680(c) (2012), provides that sovereign immunity for torts committed by federal officers shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." We have recognized that Nebraska's STCA is patterned after the Federal Tort Claims Act. *Johnson v. State*, 270 Neb. 316, 700 N.W.2d 620 (2005). Because Nebraska law is limited, we can look to federeal law for additional guidance. *Id*.

In *Ali*, a majority of the U.S. Supreme Court held that the federal statutory exception to the waiver of immunity contained in 28 U.S.C. § 2680(c) for acts related to "the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer"

was clear and unambiguous and encompassed acts by Federal Bureau of Prisons officers. The Court reasoned that the phrase "'*any* other law enforcement officer' . . . suggests a broad meaning." *Ali v. Federal Bureau of Prisons*, 552 U.S. at 218-19 (emphasis in original).

Rouse distinguishes *Ali* by noting differences between Nebraska's statutory STCA detention of goods provision and that of its federal counterpart. But he also finds similarities between the Nebraska and federal statutes. Finally, Rouse proposes that we adopt the reasoning of the dissenting justices in *Ali* and urges us to hold that § 81-8,219(2) applies only to law enforcement officers who detain goods or merchandise as part of the assessment or collection of taxes or fees. We decline to adopt the reasoning suggested by Rouse.

As noted above, we give statutory language its plain and ordinary meaning and we must broadly read exceptions to a waiver of sovereign immunity. *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018). Like the Federal Tort Claims Act, Nebraska's STCA contains "[n]othing in the statutory context [which] requires a narrowing construction . . . ." *Ali v. Federal Bureau of Prisons*, 552 U.S. at 227. To the contrary, we read Nebraska's exception for "any law enforcement officer" more broadly than the Federal Tort Claims Act, which is limited to "any other" law enforcement officer. Thus, we interpret § 81-8,219(2) as encompassing acts by DCS personnel.

[11] We believe the text of § 81-8,219(2) indicates that the Legislature intended to preserve immunity from claims arising from the detention of property, and there is no indication of any intent that immunity from those claims turns on the type of official enforcing the law. The structure and text of § 81-8,219(2) demonstrate that the broad phrase "any law enforcement officer" covers all law enforcement officers, including correctional officers. Referring to the word "any" in *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 219, 128 S. Ct. 831, 169 L. Ed. 2d 680 (2008), the Court reasoned that

read naturally, the word "any" has an expansive meaning that is ""one or some indiscriminately of whatever kind,"" quoting *United States v. Gonzales*, 520 U.S. 1, 117 S. Ct. 1032, 137 L. Ed. 2d 132 (1997). We agree with the reasoning in *Ali*, and applying it to Nebraska's statute, we conclude that DCS personnel are "any law enforcement officer[s]" covered by the exception to the waiver of sovereign immunity outlined in § 81-8,219(2), and therefore, the State remains immune from claims such as that filed by Rouse. We observe that other states' appellate courts have adopted the reasoning in *Ali* and have concluded that correctional officers are "any law enforcement officer[s]" under similar state tort claims statutes. See, e.g., *Mason v. Department of Correction*, 75 Mass. App. 1111 (2009) (unpublished disposition listed in table of "Summary Dispositions" at 916 N.E.2d 423).

For completeness, we note that both Rouse and the State refer to numerous Nebraska statutes not repeated here as well as other sources in an effort to convince us of the meaning of § 81-8,219(2) in general and "any law enforcement officer" in particular. None of these authorities are definitive or particularly convincing. Instead, we believe our interpretation of the language of § 81-8,219(2) itself provides the most coherent reading of the statute in question.

## CONCLUSION

Rouse, an inmate, claimed money damages for property detained by DCS personnel while he was housed in segregation. Because the DCS personnel are "law enforcement officer[s]" covered by the exception to the waiver of sovereign immunity contained in § 81-8,219(2), the State has not waived sovereign immunity from Rouse's claims. The district court did not err when it concluded that Rouse's claims were barred by the State's sovereign immunity and dismissed Rouse's action.

AFFIRMED.