Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/22/2020 08:09 AM CDT

Aaron G. Brown, appellant, v.
State of Nebraska, appellee.
___ N.W.2d ___

Filed February 28, 2020.    No. S-19-073.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.
2. **Tort Claims Act: Appeal and Error.** Whether the allegations made by a plaintiff constitute a cause of action under the State Tort Claims Act or whether the allegations set forth claims which are precluded by the exemptions set forth in the act is a question of law, for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court.
3. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
4. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
5. **Statutes: Immunity: Waiver.** Statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver.
6. **Immunity: Waiver.** In order to strictly construe against a waiver of sovereign immunity, courts broadly read exemptions from a waiver of sovereign immunity.
7. **Tort Claims Act.** For the recreational activity exception in Neb. Rev. Stat. § 81-8,219(14)(a)(i) (Supp. 2019) to apply, the following elements must be met: (1) The claim must relate to a recreational activity on property leased, owned, or controlled by the State; (2) the claim must result

from an inherent risk of that recreational activity; and (3) no fee must have been charged for the plaintiff to participate in, or be a spectator at, the recreational activity.

8. ____. Because the recreational activity exception in Neb. Rev. Stat. § 81-8,219(14)(a)(i) (Supp. 2019) applies only to tort claims relating to recreational activities on state property and resulting from the inherent risk of the recreational activity, it is necessary as a threshold matter to identify the recreational activity, if any, in which the plaintiff was engaged as either a participant or spectator. Only after the recreational activity is identified can a principled determination be made as to whether the plaintiff's tort claim relates to that particular activity and whether the claim resulted from an inherent risk of that particular activity.

9. **Statutes.** When interpreting a statute, a court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Reversed and remanded for further proceedings.

James R. Welsh and Christopher Welsh, of Welsh & Welsh, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Charles E. Chamberlin for appellee.

MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

STACY, J.

Aaron G. Brown sued the State of Nebraska for negligence under the State Tort Claims Act (STCA),[1] alleging he was injured at a state recreational area when a riding lawnmower struck the picnic table where he was sitting. The State moved to dismiss the action, claiming sovereign immunity under the "recreational activity" exception to the STCA.[2] That

---

[1] See Neb. Rev. Stat. §§ 81-8,209 to 81-8,235 (Reissue 2014, Cum. Supp. 2018 & Supp. 2019).

[2] § 81-8,219(14).

exception provides in relevant part that the STCA "shall not apply" to any claim "relating to recreational activities on property leased, owned, or controlled by the state for which no fee is charged . . . resulting from the inherent risk of the recreational activity."[3]

The district court found the recreational activity exception applied, and it dismissed Brown's action with prejudice. He appealed, and we granted the State's petition to bypass. We now reverse, and remand for further proceedings.

## I. BACKGROUND

### 1. Brown's Complaint

This matter was disposed of on a motion to dismiss. In such a situation, the factual record consists only of the allegations in the complaint, which are accepted as true, and all reasonable inferences are made in favor of the nonmoving party.[4] Brown's complaint alleged the following facts:

On or about August 14, 2017, Brown visited a state recreational area in Elm Creek, Nebraska, to go fishing. The property is owned and operated by the State of Nebraska as a state recreational area that provides opportunities for fishing, boating, kayaking, picnicking, and primitive camping.

After fishing for a while, Brown took a break and sat on the bench of a picnic table a few feet from the lake. He was facing the lake with his back near the top of the picnic table when an employee, agent, or representative of the State "violently" struck the picnic table with a gas-powered lawnmower. The force of the impact caused the tabletop to strike Brown in the middle of his back and propel him forward, nearly into the lake. The impact injured his back, resulting in past and future pain and suffering, medical expenses, lost income, and loss of earning capacity.

---

[3] § 81-8,219(14)(a)(i).

[4] See, *Rouse v. State*, 301 Neb. 1037, 921 N.W.2d 355 (2019); *Amend v. Nebraska Pub. Serv. Comm.*, 298 Neb. 617, 905 N.W.2d 551 (2018).

On July 11, 2018, Brown filed this tort action against the State. Attached to Brown's complaint was a copy of the tort claim that he filed with the State Claims Board on December 5, 2017,[5] and a copy of the letter dated June 7, 2018, denying his claim.

## 2. DISTRICT COURT PROCEEDINGS

The State moved to dismiss Brown's complaint for lack of subject matter jurisdiction pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(1) and for failure to state a claim pursuant to § 6-1112(b)(6). After a hearing, the court dismissed the action for lack of subject matter jurisdiction. The court found the State had not waived its sovereign immunity, because Brown's claim fell within the STCA's recreational activity exception.[6] The district court reasoned:

> The key issue is whether being struck by a lawn mower while sitting at a picnic table is an inherent risk of [Brown's] recreational activity. There seems to be no dispute that [Brown] was engaged in a recreational activity [and he] has not alleged being charged a fee.
>
> . . . .
>
> The Court finds that a user of a recreational area could reasonably expect mowing and other maintenance activities being performed. Recreational areas are generally not overgrown wilderness areas. Most are obviously mowed and otherwise maintained. Maintenance, like any other human activity, brings a risk that it may [be] done negligently.
>
> Construing the exception strictly in favor of the State's sovereign immunity, the Court finds that the risk posed by mowing and other maintenance activities is characteristic of, intrinsic to, or an integral part of the recreational activity, even if that activity is sitting at a

---

[5] See § 81-8,227.

[6] § 81-8,219(14).

picnic table. As the State has not waived its sovereign immunity for a claim relating to recreational activities pursuant to Section 81-8,219[(14)(a)(i)], the State remains immune and the Court does not have subject matter jurisdiction.

Because the district court dismissed the complaint on the basis of sovereign immunity, it did not consider the State's alternative theory for dismissal. After Brown's motion to alter or amend was denied, he filed this timely appeal. We granted the State's petition to bypass the Nebraska Court of Appeals.

## II. ASSIGNMENT OF ERROR

Brown assigns, restated, that the district court erred in finding his tort claim was barred by the recreational activity exception to the STCA.

## III. STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[7]

[2] Whether the allegations made by a plaintiff constitute a cause of action under the STCA or whether the allegations set forth claims which are precluded by the exemptions set forth in the act is a question of law, for which an appellate court has a duty to reach its conclusions independent of the conclusions reached by the district court.[8]

[3] Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[9]

---

[7] *Rouse, supra* note 4; *Amend, supra* note 4.

[8] *Amend, supra* note 4.

[9] *Rouse, supra* note 4; *Amend, supra* note 4.

## IV. ANALYSIS

Because the district court resolved the State's motion to dismiss on sovereign immunity grounds, we begin by setting out the general principles of sovereign immunity under the STCA. Neb. Const. art. V, § 22, provides: "The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought." Through the STCA, the Legislature has waived the State's sovereign immunity with respect to certain, but not all, types of tort actions.[10] Section 81-8,215 of the STCA is the State's general waiver of tort immunity under the STCA, and we have explained that when that section is read in pari materia with § 81-8,209, it operates as a limited waiver of the State's tort immunity, subject to specified exceptions that are set out in § 81-8,219.[11]

### 1. Recreational Activity Exception

This appeal concerns the statutory exception to the waiver of sovereign immunity which we refer to as the "recreational activity exception." At the time Brown was allegedly struck by the lawnmower, this exception was codified at § 81-8,219(13). Subsequent amendments to the STCA have not affected the language of the exception, and we therefore cite to its current version, codified at § 81-8,219(14). Pursuant to this exception, the STCA does not apply to

> [a]ny claim relating to recreational activities on property leased, owned, or controlled by the state for which no fee is charged (i) resulting from the inherent risk of the recreational activity, (ii) arising out of a spot or localized defect of the premises . . . , or (iii) arising out of the design of a skatepark or bicycle motorcross park . . . .[12]

Only the "inherent risk" portion of the recreational activity exception, found in § 81-8,219(14)(a)(i), is at issue in this case.

---

[10] *Jill B. & Travis B. v. State*, 297 Neb. 57, 899 N.W.2d 241 (2017).

[11] *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017).

[12] § 81-8,219(14).

For purposes of this exception, the Legislature has defined "[i]nherent risk of recreational activities" to mean "those risks that are characteristic of, intrinsic to, or an integral part of the activity."[13] Further, for purposes of § 81-8,219(14)(a), "fee" is defined as follows:

[A] fee to participate in or be a spectator at a recreational activity. A fee shall include payment by the claimant to any person or organization other than the state only to the extent the state retains control over the premises or the activity. A fee shall not include payment of a fee or charge for parking or vehicle entry.[14]

We pause here to note that the Political Subdivisions Tort Claims Act (PSTCA)[15] contains a similar exception for recreational activities.[16] Both the STCA and the PSTCA were amended in 2007[17] in response to our 2006 decision in *Bronsen v. Dawes County.*[18] In that case, we overruled a quarter century of precedent and held for the first time that the Recreation Liability Act[19]—which encourages landowners to open their property to the public for "recreational purposes" by limiting their tort liability[20]—applies only to private landowners and not to governmental entities. The Legislature responded to *Bronsen* by amending the STCA and the PSTCA to add the exceptions for tort claims related to "recreational activities."[21]

This appeal is our first opportunity to address the proper interpretation and application of the recreational activity

---

[13] § 81-8,219(14)(b)(ii).

[14] § 81-8,219(14)(b)(iv).

[15] See Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2012, Cum. Supp. 2018 & Supp 2019).

[16] § 13-910(13)(a).

[17] 2007 Neb. Laws, L.B. 564.

[18] *Bronsen v. Dawes County*, 272 Neb. 320, 722 N.W.2d 17 (2006).

[19] Neb. Rev. Stat. §§ 37-729 to 37-736 (Reissue 2004).

[20] See § 37-730.

[21] §§ 81-8,219(14) and 13-910(13)(a).

exception. Our analysis is governed by settled principles of statutory construction.

[4-6] Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[22] Additionally, it is well settled that statutes that purport to waive the State's protection of sovereign immunity are strictly construed in favor of the sovereign and against the waiver.[23] In order to strictly construe against a waiver of sovereign immunity, we broadly read exemptions from a waiver of sovereign immunity.[24]

2. Applying Exception

[7] For the exception in § 81-8,219(14)(a)(i) to apply, the following elements must be met: (1) The claim must relate to a recreational activity on property leased, owned, or controlled by the State; (2) the claim must result from an inherent risk of that recreational activity; and (3) no fee must have been charged for the plaintiff to participate in, or be a spectator at, the recreational activity.

In this appeal, the parties agree that Brown's injury occurred on property owned and controlled by the State, and they also appear to agree the only fee Brown was charged was a vehicle entry fee. We thus confine our analysis to the disputed elements of the recreational activity exception: whether Brown's claim relates to a recreational activity and whether his claim resulted from an inherent risk of that activity.

(a) Threshold Question

[8] Because the recreational activity exception in § 81-8,219(14)(a)(i) applies only to tort claims "relating to recreational activities" on state property and "resulting from the inherent risk of the recreational activity," it is necessary

---

[22] *In re Application No. OP-0003*, 303 Neb. 872, 932 N.W.2d 653 (2019).

[23] *Amend, supra* note 4.

[24] *Id.*

as a threshold matter to identify the recreational activity, if any, in which the plaintiff was engaged as either a participant or spectator. Only after the recreational activity is identified can a principled determination be made as to whether the plaintiff's tort claim relates to that particular activity and whether the claim resulted from an inherent risk of that particular activity.

For purposes of the recreational activity exception, the Legislature has defined "[r]ecreational activities" as follows:

> Recreational activities include, but are not limited to, whether as a participant or spectator: Hunting, fishing, swimming, boating, camping, picnicking, hiking, walking, running, horseback riding, use of trails, nature study, waterskiing, winter sports, use of playground equipment, biking, roller blading, skateboarding, golfing, athletic contests; visiting, viewing, or enjoying entertainment events, festivals, or historical, archaeological, scenic, or scientific sites; and similar leisure activities.[25]

### (b) Identifying Brown's
### Recreational Activity

The parties generally agree that Brown was engaged in some sort of recreational activity at the time he was injured, but they disagree on what that activity was. Until the answer to this threshold question is known, the remaining questions as to the applicability of § 81-8,219(14)(a)(i) cannot be determined.

Brown's complaint did not allege he was engaged in any particular activity—recreational or otherwise—while seated at the picnic table. But in response to the State's motion to dismiss, Brown urged the district court to conclude his recreational activity was either "fishing" or "participating in leisure activities." On appeal, Brown suggests he was "picnicking" when the mower struck the picnic table.[26]

---

[25] § 81-8,219(14)(b)(i).

[26] Brief for appellant at 5.

The State argues Brown was not "picnicking," because there is no allegation he was eating a meal outdoors.[27] Instead, the State suggests Brown's recreational activity was either "fishing" or "viewing scenic sites."[28] Ultimately, however, the State asks us to find that Brown's "overarching recreational activity [was] utilizing maintained space."[29] In that regard, the State contends that the "crux of the issue" for purposes of the recreational activity exception is really that Brown "chose to utilize a maintained area" of state property and that, consequently, "the rest of his activities on that area carried with [them] the inherent risks of using a maintained area."[30]

The district court found there was "no dispute that [Brown] was engaged in a recreational activity," but it did not expressly identify the activity. Based on its reasoning, however, we understand the court to have agreed with the State that Brown's recreational activity was using a maintained area of state property. The court described Brown as a "user of a recreational area" who could "reasonably expect mowing and other maintenance activities being performed" in the area. It then found that "[r]ecreational areas are generally not overgrown wilderness areas. Most are obviously mowed and otherwise maintained," and it also found that "[m]aintenance, like any other human activity, brings a risk that it may [be] done negligently." Finally, the court concluded that "the risk posed by mowing and other maintenance activities" was characteristic of, intrinsic to, or an integral part of Brown's recreational activity and that the exception in § 81-8,219(14)(a)(i) applied to bar Brown's claim.

On de novo review, we find the district court erred as a matter of law in two respects. First, because the matter was before the court on a motion to dismiss, it should have confined its

---

[27] Brief for appellee at 16.

[28] *Id.*

[29] *Id.* at 13.

[30] *Id*. at 19.

analysis to the allegations of the complaint and the reasonable inferences therefrom construed in the light most favorable to Brown.[31] When the court found that Brown was in an area that was "obviously mowed and otherwise maintained" and that "[r]ecreational areas are generally not overgrown wilderness areas," it went well beyond the face of the complaint, which described neither Brown's activity while seated at the picnic table nor the characteristics of the area.

More important, we find the trial court erred in concluding Brown's recreational activity was utilizing a maintained area of state property. The statutory definition of "recreational activities" in § 81-8,219(14) is broad and contains a nonexclusive list of what the Legislature describes as "leisure activities." Some of the listed activities are decidedly physical in nature (such as hiking, biking, and athletic contests), while others are more cerebral (such as viewing or enjoying historical or scenic sites). But regardless of the level of activity required, the statutory definition requires that one must be engaged in a recreational or leisure activity as either a participant or a spectator. The focus of the statutory definition is on the activity itself rather than the characteristics of the area where the activity occurs. Indeed, because being on state-controlled property is already required for the recreational activity exception to apply, a "recreational activity" as defined in § 81-8,219(14)(b)(i) must mean something more than simply being on property maintained by the State.

[9] When interpreting a statute, a court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.[32] Thus, although we are required to broadly construe exceptions to the waiver of sovereign immunity under the STCA,[33] we decline to read the definition of "recreational

---

[31] See, *Rouse, supra* note 4; *Amend, supra* note 4.

[32] *State v. McColery*, 301 Neb. 516, 919 N.W.2d 153 (2018).

[33] See *Rouse, supra* note 4.

activity" so broadly that it includes simply being on property maintained by the State.

Allowing the State to define a "recreational activity" that broadly would judicially expand the recreational activity exception to include most, if not all, tort claims occurring on state property. Indeed, when the recreational activity is defined as "using a maintained area of state property," it is difficult to conceive of any tort claim that would not both relate to that activity and result from a risk inherent in that activity. We thus reject the State's position and hold instead that a "recreational activity" under § 81-8,219(14) must involve some leisure activity other than merely being present on state-maintained land.

The trial court erred in concluding that Brown's recreational activity was using a maintained area of state property. And because the trial court misidentified Brown's recreational activity, its analysis of whether his claim resulted from an inherent risk of that activity was likewise erroneous, as was its ultimate conclusion that the recreational activity exception applied as a matter of law to bar Brown's claim.

But this does not end our analysis, because whether Brown's complaint alleged claims that are barred by the recreational activity exception under the STCA presents a question of law, which we must determine independent of the conclusions reached by the district court.[34] After de novo review, we conclude that while there will surely be cases where the applicability of the recreational activity exception can be determined as a matter of law from the face of the complaint, this is not such a case.

As stated, Brown's complaint does not allege he was engaged in any particular recreational activity at the time he was injured, and we have determined that simply being present on state-maintained property is not a "recreational activity" as that term is defined in § 81-8,219(14)(b)(i). We agree with the

_____

[34] See *Amend, supra* note 4.

State the facts as alleged do not support concluding as a matter of law that Brown was "picnicking." And while the development of additional facts may reveal that Brown was engaged in one or more specific recreational activities while sitting at the picnic table, the face of his complaint simply does not permit such a conclusion as a matter of law.

At this stage in the proceeding, the allegations of Brown's complaint and the reasonable inferences therefrom do not allow a court to find as a matter of law that his tort claim is barred by the recreational activity exception of § 81-8,219(14)(a)(i). Unless and until the specific recreational activity, or activities, in which Brown was engaged as either a participant or a spectator can be identified, there is no principled way to apply the remaining statutory elements to determine whether his tort claim is related to that recreational activity and whether his claim resulted from an inherent risk of that recreational activity.

## V. CONCLUSION

For the foregoing reasons, it was error for the district court to dismiss Brown's complaint with prejudice on the ground it was barred by the recreational activity exception. We reverse the judgment and remand the matter for further proceedings.

Reversed and remanded for
further proceedings.

Heavican, C.J., participating on briefs.