Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/18/2020 09:08 AM CDT

Kirk E. Brumbaugh, appellant, v.
Meegan Bendorf, appellee.

___ N.W.2d ___

Filed June 26, 2020.    No. S-19-732.

1. **Attorney Fees: Appeal and Error.** A trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.
2. **Costs: Appeal and Error.** The decision of a trial court regarding taxing of costs is reviewed for an abuse of discretion.
3. **Federal Acts: Claims: Courts.** A state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by a federal act, but substantive issues concerning a claim under the act are determined by the provisions of the act and interpretive decisions of the federal courts construing the act.
4. **Judgments: Appeal and Error.** As a general proposition, an appellate court does not require a district court to explain its reasoning.
5. **Statutes: Words and Phrases.** The word "may" when used in a statute will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective.
6. **Intercepted Communications: Courts: Attorney Fees.** Whether reasonable attorney fees should be awarded under 18 U.S.C. § 2520 (2018) or Neb. Rev. Stat. § 86-297 (Reissue 2014) is addressed to the trial court's discretion.
7. **Attorney Fees.** When an attorney fee is authorized, the amount of the fee is addressed to the trial court's discretion.
8. ____. If an attorney seeks a statutory attorney fee, that attorney should introduce at least an affidavit showing a list of the services rendered, the time spent, and the charges made.
9. ____. An award of attorney fees involves consideration of such factors as the nature of the case, the services performed and results obtained, the length of time required for preparation and presentation of the case, the customary charges of the bar, and general equities of the case.

10. **Statutes.** Statutory language is to be given its plain and ordinary meaning.
11. **Intercepted Communications: Costs.** Neb. Rev. Stat. § 25-1708 (Reissue 2016) does not apply to a discretionary award of reasonable litigation expenses under either 18 U.S.C. § 2520 (2018) or Neb. Rev. Stat. § 86-297 (Reissue 2014).
12. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Douglas County: Kimberly Miller Pankonin, Judge. Affirmed.

Karl von Oldenburg, of BQ & Associates, P.C., L.L.O., for appellant.

Karen S. Nelson, of Carlson & Burnett, L.L.P., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

After Kirk E. Brumbaugh obtained a jury verdict for less than the statutory minimum, he moved for attorney fees authorized but not mandated by statute. The district court denied the request. On appeal, we decline Brumbaugh's invitation to abandon our longstanding procedure and to instead require that a trial court provide an explanation of its reasons regarding a fee decision. Finding no abuse of discretion, we affirm the district court's judgment awarding no fees or costs.

## BACKGROUND

### Complaint and Judgment

Brumbaugh sued Meegan Bendorf (and Bank of America, which was dismissed with prejudice after trial) under federal[1] and state[2] wiretapping statutes and under Neb. Rev.

---

[1] 18 U.S.C. § 2520 (2018).

[2] Neb. Rev. Stat. § 86-297 (Reissue 2014).

Stat. § 20-203 (Reissue 2012). The relief requested in the complaint included damages, injunctive relief, attorney fees, and costs.

The allegations of the complaint arose out of Bendorf's interception of Brumbaugh's Bank of America online credit card account records. The complaint alleged that during the pendency of divorce and child custody modification proceedings between Brumbaugh and Bendorf, Bendorf requested that Bank of America send Brumbaugh's credit card statements and account activity to an email address that she maintained. According to Bendorf's responsive pleading, the email account was a joint account that she created either before or during her marriage to Brumbaugh. She affirmatively alleged that Brumbaugh's damages were caused by the actions or inactions of himself or a third party or by intervening causes over which she had no control.

The matter proceeded to a jury trial. The court instructed the jury that if it found in favor of Brumbaugh, he was entitled to recover "[s]tatutory damages of whichever is the greater of $100.00 per day, for each day of violation, or $10,000.00." The jury found that Brumbaugh met his burden of proof as to both the federal and state wiretapping claims and awarded damages of $4,800. Brumbaugh promptly filed a motion for judgment notwithstanding the verdict and a motion to alter or amend, both based on the jury's award of damages. The court sustained the motions, entering judgment in favor of Brumbaugh on both wiretapping claims and awarding statutory damages of $10,000.

## Attorney Fees

Brumbaugh subsequently filed a motion for attorney fees. He alleged that he was limiting his request for attorney fees to those related to Bendorf's portion of the case only and that he was not requesting fees for any time spent corresponding with Bendorf's counsel or in connection with inspection of Bendorf's computers. The motion requested an order

"granting attorney fees and costs in this matter in the amount of $18,551.08 for Attorney [2] (including costs) and $6,250.00 for Attorney [1], for a total of $24,801.08."

During a hearing on the motion, the court received three exhibits offered by Brumbaugh. The first exhibit was Attorney 2's affidavit, which attached "[n]ot all of [the legal time he spent on the matter], but some of it." It contained itemized billing amounting to $16,850 and itemized costs of $1,701.08 for a total of $18,551.08. The second exhibit was an attorney fee affidavit by Attorney 1, who had commenced the action on Brumbaugh's behalf. It accounted for 21 hours of his time at an hourly rate of $250, for a total request of $5,250. Brumbaugh also offered an affidavit prepared by Bendorf's counsel, which showed "the time she put into it up to the point of trial." According to the exhibit, Bendorf had incurred attorney fees of $20,894.80.

In argument during the hearing, Brumbaugh's attorney stated that he tried to limit his fee request to time addressing the claims against Bendorf and not Bank of America, that he was not requesting $4,500 relating to digital forensics, and that he "truly narrowed down the times." Later, the court entered an order stating: "The Court finds that [Brumbaugh's] Motion for Attorney Fees should be and is Denied. Case disposed of."

Brumbaugh appealed from the denial of his motion for attorney fees, and we moved the case to our docket.[3] As authorized by court rule, we submitted the case without oral argument.[4]

## ASSIGNMENTS OF ERROR

Brumbaugh assigns that the district court erred in (1) failing to provide a concise and clear explanation of why it denied attorney fees and costs, (2) failing to award any attorney fees pursuant to § 2520 and § 86-297, and (3) failing to address or award costs to him as prevailing party.

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2018).

[4] See Neb. Ct. R. App. P. § 2-111(B)(1) (rev. 2017).

## STANDARD OF REVIEW

[1] A trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.[5]

[2] The decision of a trial court regarding taxing of costs is reviewed for an abuse of discretion.[6]

## ANALYSIS

### Explanation of Fee Award Not Required

Brumbaugh sought attorney fees authorized by both a federal[7] and a state[8] statute. The district court denied the request without explanation. An initial issue is whether federal or state law controls in this state court proceeding.

Brumbaugh directs our attention to federal case law calling for an explanation of reasons for an attorney fee award. In connection with attorney fees under 42 U.S.C. § 1988 (2012), the U.S. Supreme Court emphasized that the trial court has discretion to determine the amount of attorney fees to award and stated:

> It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.[9]

The Supreme Court later repeated the importance of an explanation for fee awards under § 1988: "It is essential that

---

[5] *State ex rel. Peterson v. Creative Comm. Promotions*, 302 Neb. 606, 924 N.W.2d 664 (2019). See, also, *Morford v. City of Omaha*, 98 F.3d 398 (8th Cir. 1996).

[6] *Millard Gutter Co. v. American Family Ins. Co.*, 300 Neb. 466, 915 N.W.2d 58 (2018).

[7] § 2520.

[8] § 86-297.

[9] *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement. Unless such an explanation is given, adequate appellate review is not feasible . . . ."[10] Specifically with respect to fees under § 2520, the Eighth Circuit has stated that the judge should provide an explanation of the reasons for a fee award.[11]

State courts are bound by the U.S. Supreme Court's interpretation of federal statutes.[12] While our research uncovered no U.S. Supreme Court case addressing § 2520, we recognize that federal substantive law governs the merits of the federal claim.

[3] But the same is not true for procedures that must be followed in state court. "'The general rule, "bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them." . . .'"[13] In the context of disposing of a claim under a different federal act,[14] we stated that a state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by the federal act, but substantive issues concerning a claim under the act are determined by the provisions of the act and interpretive decisions of the federal courts construing the act.[15]

[4] Nothing in the text of § 2520(b) or § 86-297(2) requires any findings regarding attorney fees. As a general proposition, this court does not require a district court to explain its

---

[10] *Perdue v. Kenny A.*, 559 U.S. 542, 558, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010).

[11] See *Bess v. Bess*, 929 F.2d 1332 (8th Cir. 1991).

[12] *Gillpatrick v. Sabatka-Rine*, 297 Neb. 880, 902 N.W.2d 115 (2017).

[13] *Johnson v. Fankell*, 520 U.S. 911, 919, 117 S. Ct. 1800, 138 L. Ed. 2d 108 (1997).

[14] Federal Employers' Liability Act, 45 U.S.C. §§ 51 through 60 (2012).

[15] See *Ballard v. Union Pacific RR. Co.*, 279 Neb. 638, 781 N.W.2d 47 (2010).

reasoning.[16] A statute in our civil procedure code provides for specific findings in certain circumstances, but it requires them only upon a party's request.[17] And Brumbaugh did not request specific findings. Unless a statute requires specific findings or we have mandated them as a matter of case law, such findings are not required.[18] Brumbaugh cited no Nebraska authority for the proposition that specific findings are required in awarding attorney fees. The only Nebraska case he cited in this regard was a Nebraska Court of Appeals decision affirming a trial court's judgment that denied attorney fees without making explicit findings.[19]

The federal court decisions calling for an explanation of an attorney fee award is a matter of federal procedure. This is not a situation where the difference between our general practice of not requiring specific findings and the federal case law calling for an explanation of a fee award would produce a different ultimate disposition.[20] We conclude the federal procedure does not apply in this state court civil action to either the federal claim or the state claim of Brumbaugh for fees under the wiretapping statutes. We decline Brumbaugh's invitation to require trial courts to provide an explanation of an award of attorney fees.

## DENIAL OF ATTORNEY FEES

[5,6] There is no dispute that attorney fees are discretionary under both the federal and state statutes. The federal statute states that any person "whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally

---

[16] *Strasburg v. Union Pacific RR. Co.*, 286 Neb. 743, 839 N.W.2d 273 (2013).

[17] See Neb. Rev. Stat. § 25-1127 (Reissue 2016).

[18] *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018). See, also, *Strasburg v. Union Pacific RR. Co., supra* note 16.

[19] See *Model Interiors v. 2566 Leavenworth, LLC*, 19 Neb. App. 56, 809 N.W.2d 775 (2011).

[20] See *Johnson v. Fankell, supra* note 13.

used . . . *may* in a civil action recover . . . such relief as *may be appropriate.*"[21] The state statute reverses the order of the words "oral" and "electronic," but is otherwise identical to § 2520(a), particularly in both phrases using the word "may."[22] The word "may" when used in a statute will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective.[23] Both statutes then provide that appropriate relief for an action under the respective section includes reasonable attorney fees.[24] But neither statute mandates an award of such fees. Brumbaugh concedes that in both statutes, "the attorney [fee] award provision is permissive and not mandatory."[25] Because we agree, we hold that whether reasonable attorney fees should be awarded under § 2520 or § 86-297 is addressed to the trial court's discretion.

[7] When an attorney fee is authorized, the amount of the fee also is addressed to the trial court's discretion.[26] Because discretion is involved, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion.[27]

[8] We have generally said that if an attorney seeks a statutory attorney fee, that attorney should introduce at least an affidavit showing a list of the services rendered, the time spent, and the charges made.[28] We have cautioned that "[l]itigants who do not file an affidavit or present other evidence

---

[21] § 2520(a) (emphasis supplied).

[22] See § 86-297(1).

[23] *Holloway v. State*, 293 Neb. 12, 875 N.W.2d 435 (2016).

[24] See, § 2520(b)(3); § 86-297(2)(c).

[25] Brief for appellant at 11.

[26] See *ACI Worldwide Corp. v. Baldwin Hackett & Meeks*, 296 Neb. 818, 896 N.W.2d 156 (2017).

[27] *Cisneros v. Graham*, 294 Neb. 83, 881 N.W.2d 878 (2016). See, also, *Morford v. City of Omaha, supra* note 5.

[28] *ACI Worldwide Corp. v. Baldwin Hackett & Meeks, supra* note 26.

risk the loss of attorney fees, because of the difficulty of discerning such information from the record alone."[29] Here, both of Brumbaugh's attorneys filed affidavits in support of the fee request.

Brumbaugh argues that his attorneys followed "good 'billing judgment'" by limiting his billing to only the successful claim and for "reduc[ing] the billing on the successful claim to billing for actual legal process."[30] We note that the fee affidavits of Brumbaugh's attorneys do not show what the total fees were before deductions for the portion of the case against Bank of America.

[9] An award of attorney fees involves consideration of such factors as the nature of the case, the services performed and results obtained, the length of time required for preparation and presentation of the case, the customary charges of the bar, and general equities of the case.[31] There is nothing in our record to suggest that the district court did not consider these factors.

We are mindful that the district court had a far greater understanding of the litigation involved here—it was involved from commencement of the case and ultimately conducted a jury trial. In contrast, our record is limited to filings in the transcript—over 400 pages worth—and a bill of exceptions containing only the hearing on attorney fees. The bill of exceptions excludes all pretrial proceedings, the jury trial record, and all other posttrial proceedings. What we can gather from the transcript is that Brumbaugh and Bendorf were formerly married, that this action was drawn out over nearly 3 years, and that the jury believed Brumbaugh was entitled to damages of only $4,800, which award the court increased to $10,000—the statutory minimum under § 2520(c)(2) and § 86-297(3)(b). In other words, while Brumbaugh obtained a jury verdict in

---

[29] *Garza v. Garza*, 288 Neb. 213, 221, 846 N.W.2d 626, 633 (2014).

[30] Brief for appellant at 12.

[31] *ACI Worldwide Corp. v. Baldwin Hackett & Meeks, supra* note 26.

his favor, it was less than half of the minimum damages mandated by both statutes (despite jury instructions laying out Brumbaugh's right to statutory damages). On this record, we cannot say that the district court abused its discretion in awarding no attorney fees.

## Costs

Brumbaugh also argues that the district court abused its discretion in failing to address and award costs. The federal statute and the state statute each allow as relief the award of "other ligation costs reasonably incurred."[32]

[10,11] Brumbaugh directs our attention to a Nebraska statute stating "costs shall be allowed,"[33] but the statute is not applicable here. The statute states: "*Where it is not otherwise provided by this and other statutes*, costs shall be allowed of course to the plaintiff . . . upon a judgment in favor of the plaintiff, in actions for the recovery of money only or for the recovery of specific real or personal property."[34] Statutory language is to be given its plain and ordinary meaning.[35] Here, § 2520 and § 86-297 "otherwise provide[]"[36] by making the costs discretionary. We hold that § 25-1708 does not apply to a discretionary award of reasonable litigation expenses under either § 2520 or § 86-297. We cannot say that the district court abused its discretion by not awarding litigation costs.

## Acceptance of Benefits

[12] Bendorf argues that Brumbaugh may not prosecute the appeal, because he has accepted the benefit of the judgment. According to a supplemental transcript, Bendorf paid $5,000 toward the judgment through the clerk of the district court

---

[32] See, § 2520(b)(3); § 86-297(2)(c).

[33] Neb. Rev. Stat. § 25-1708 (Reissue 2016).

[34] *Id.* (emphasis supplied).

[35] *Brown v. State*, 305 Neb. 111, 939 N.W.2d 354 (2020).

[36] § 25-1708.

in June 2019 and the check was deposited into Brumbaugh's account. Having rejected the arguments raised by Brumbaugh, it is not necessary to address whether he waived the right to appeal by accepting partial payment of the judgment. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[37]

## CONCLUSION

We conclude that the district court did not abuse its discretion in declining to award attorney fees or costs to Brumbaugh. Accordingly, we affirm.

AFFIRMED.

_____

[37] *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020).