NOT DESIGNATED FOR PUBLICATION

No. 125,924

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MARK D. BRULL,
*Appellant*,

v.

SECRETARY OF KANSAS DEPARTMENT FOR
AGING AND DISABILITY SERVICES, et al.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Submitted without oral argument. Opinion filed November 1, 2024. Reversed and remanded with directions.

*Mark D. Brull*, appellant pro se.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Plaintiff Mark D. Brull appeals the dismissal of this civil action challenging the continuing legal bases for and conditions of his confinement at the Larned State Hospital as a sexually violent predator. The Pawnee County District Court dismissed Brull's action with prejudice under K.S.A. 60-212(b)(6) for failing to state a claim upon which relief could be granted. Representing himself in the district court, Brull unleashed a torrent of words and statutory citations in a lengthy, though conclusory, diatribe on his detention in a 32-page amended petition, and he has essentially replicated that discourse in the appellate brief he has crafted. We have been unable to discern a

1

viable legal claim amidst that verbal flood. The district court, therefore, properly dismissed the petition but should have done so without prejudice. We reverse and remand with directions to the district court to enter a judgment of dismissal without prejudice.

*Dismissal of Brull's Amended Petition—Why We Reverse and Remand*

Brull was adjudicated and ordered confined under the Kansas Sexually Violent Predator Act, K.S.A. 59-29a01 et seq., in 1999 and has been held for treatment at Larned State Hospital since then except between 2012 and April 2021 when he served a criminal sentence in federal prison. About six months after his return to the hospital, Brull filed this action and later amended his petition—the pleading the district court considered and dismissed. The amended petition is a rambling and discursive narrative that bears no resemblance to the "short and plain statement of [a] claim showing that the pleader is entitled to relief" described in K.S.A. 2023 Supp. 60-208(a)(1). Although the amended petition is peppered with references to various state and federal statutes, Brull seems to root his claims in 42 U.S.C. § 1983 and the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997 et seq. He has named Laura Howard as the defendant and has sued her in her official capacity as the Secretary of the Kansas Department for Aging and Disability Services, the agency administering the sexually violent predator treatment program.

As the name suggests, the civil rights Act affords protections to individuals confined in state prisons, mental hospitals, and facilities for juvenile offenders. But it does not create a private cause of action—only the federal Department of Justice or a United States Attorney may pursue violations. See 42 U.S.C. § 1997j; *McRorie v. Shimoda*, 795 F.2d 780, 782 n.3 (9th Cir. 1986); *Hurd v. Dove*, No. 23-cv-02110-PAB-KAS, 2024 WL 3925340, at *3 (D. Colo. 2024) (unpublished opinion); *Alexander v. Linthicum*, No. H-23-3749, 2023 WL 3938881, at *4 (S.D. Tex. 2023) (unpublished opinion). So Brull could not rely on the Act as a legal basis for a claim.

2

Conversely, § 1983 provides a procedural mechanism for individuals to sue if an employee or another agent of a state or a local governmental entity has violated their rights protected under federal law. The rights may be grounded in the United States Constitution, a federal statute, or federal common law. State and federal courts have concurrent jurisdiction over § 1983 actions. See *Arkansas Writers' Project, Inc. v. Ragland*, 481 U.S. 221, 234, 107 S. Ct. 1722, 95 L. Ed. 2d 209 (1987); *Kando v. Rhode Island State Board of Elections*, 880 F.3d 53, 61 n.4 (1st Cir. 2018); *Stuart v. Ryan*, 818 Fed. Appx. 858, 861 (11th Cir. 2020) (unpublished opinion).

The district court zeroed in on Brull's reliance on § 1983 as a federal statute and, in turn, applied the legal standard federal courts use in considering dismissal of a civil action for failure to state a claim under the Federal Rules of Civil Procedure. See Fed. R. Civ. Pro. 12(b)(6). The United States Supreme Court has held that as a matter of federal procedure a plaintiff must assert factual representations in their complaint that go beyond mere conclusions and "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 171 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 [2007]). The decisions in *Iqbal* and *Twombly* called for a critical judicial review of complaints examining whether plaintiffs had pleaded fact-based representations outlining "'plausible'" claims rather than merely "'conceivable'" ones. *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570). In doing so, the Court interred the standard articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 80 (1957), that a complaint should survive a motion to dismiss unless the district court could say beyond a reasonable doubt that the plaintiff could prove no facts supporting their claim. *Twombly*, 550 U.S. at 561-63; see *Faulk v. City of St. Louis, Missouri*, 30 F.4th 739, 746 (8th Cir. 2022) (characterizing plausibility standard as "more rigorous" than pre-*Twombly* review); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (*Twombly* and *Iqbal* reflect "new pleading standard").

The district court erred in doing so. When a plaintiff brings a federal claim in state court, the state court must apply substantive federal law but should apply its own procedural rules. *Howlett v. Rose*, 496 U.S. 356, 372, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); *Brumbaugh v. Bendorf*, 306 Neb. 250, 255, 945 N.W.2d 116 (2020); *Harris County v. Coats*, 607 S.W.3d 359, 372 (Tex. App. 2020). Accordingly, the district court should have used the standard the Kansas Supreme Court has recognized for considering motions to dismiss under K.S.A. 60-212(b)(6).

The Kansas standard asks whether the factual assertions in the petition state a viable claim under any legal theory—not just the ones the plaintiff has identified. In considering a motion to dismiss, the district court must credit as true both the well-pleaded factual allegations in the plaintiff's petition and any reasonable inferences drawn from those assertions. The district court should not dismiss if those allegations and inferences present any viable legal claim. *Steckline Communications, Inc. v. Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017); *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013). The standard is obviously less demanding than the one articulated in *Twombly* and *Iqbal* and tilts more toward the one from *Conley*.

Although the district court used too demanding a standard in dismissing Brull's amended petition, we need not remand for that reason. In reviewing a district court's decision to dismiss under K.S.A. 60-212(b)(6), we apply the same standard and assess the allegations of the petition without any deference to that decision. *Cohen*, 296 Kan. at 545-46. The appeal functionally presents a question of law because neither the district court nor the reviewing court resolves evidentiary disputes—the allegations of the petition must be viewed in the best light for the plaintiff. See *In re Estate of Oroke*, 310 Kan. 305, 310, 445 P.3d 742 (2019) ("Application of legal principles to undisputed facts involves questions of law subject to de novo review."). As we explain later, we have

4

examined the amended petition and have been unable to discover any well-pleaded claims.

In his first two points on appeal, Brull disputes how the district court treated the amended petition procedurally and its decision to dismiss his action with prejudice. He contends the district court had an obligation to appoint a lawyer to represent him and to hold a hearing on Howard's motion to dismiss. In those respects, Brull is mistaken. Civil plaintiffs are not entitled to appointed legal representation in Chapter 60 actions, and the district court had no vehicle for appointing Brull a lawyer. Federal courts, however, have the statutory authority to appoint willing lawyers to represent indigent plaintiffs in facially viable civil cases. See 28 U.S.C. § 1915(e)(1); *Cox v. LNU*, 924 F. Supp. 2d 1269, 1279-81 (D. Kan. 2013). Likewise, Brull had no right to a hearing—really oral argument—on the motion to dismiss. In ruling on a motion to dismiss, the district court should not consider evidence extrinsic to the challenged pleading, so any hearing properly would be confined to legal argument.

In his brief, Brull also disputes the district court's dismissal of his amended petition with prejudice. He has not made an elaborate argument, but he has unmistakably raised the point. And it is, though tersely stated, worthy of consideration. District courts typically should not dismiss actions with prejudice for failure to state a claim under K.S.A. 60-212(b)(6). This court set out the governing principles in *Danzman v. Herington Municipal Hospital Bd. of Trustees*, No. 124,675, 2022 WL 4115577, at *3 (Kan. App. 2022) (unpublished opinion):

> "When a plaintiff fails to state a claim, the district court usually should allow the plaintiff to replead within a short period of time. See K.S.A. 2021 Supp. 60-215(a)(2) (district court 'should freely give leave' to amend petition); *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, Syl. ¶ 15, 913 P.2d 119 (1996). If the repleaded petition still fails, the district court may dismiss with prejudice on the grounds further corrective efforts would be futile. See 259 Kan. 305, Syl. ¶ 15. Alternatively, the district court could

dismiss the action without prejudice. The plaintiff typically could then file a new case with an improved petition. Dismissal with prejudice may be appropriate only when an insuperable legal bar appears on the face of the pleading, such as a statute of limitations bar. See *Dutoit v. Board of Johnson County Comm'rs*, 233 Kan. 995, 1002-03, 667 P.2d 879 (1983); see also *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) ('A district court ordinarily must grant leave to amend when it dismisses claims under [Fed. R. Civ. Proc.] 12[b][6]' unless the deficiency cannot be eliminated through the pleading of additional facts.); *Frey v. City of Herculaneum*, 44 F.3d 667, 671-72 (8th Cir. 1995) (same, applying Fed. R. Civ. Proc. 12[b][6]); Wright, Miller & Kane, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2010) ('[T]he cases make it clear that leave to amend the complaint [in the face of a motion to dismiss] should be refused only if it appears to a certainty that the plaintiff cannot state a claim.')."

In that case, Robert Danzman represented himself and filed opening pleadings—a petition and a so-called addendum—we characterized as "sufficiently diffuse we cannot say they are incurably deficient, since they state no claim at all rather than a claim that is obviously barred for a specific legal reason." 2022 WL 4115577, at *3. We held the district court improperly dismissed the action with prejudice and remanded with directions to enter judgment dismissing without prejudice, consistent with Danzman's requested relief. 2022 WL 4115577, at *4-5. The same relief is appropriate here. Brull specifically argues that his amended petition states valid claims (a position we do not share) and, therefore, should be reinstated for further proceedings in the district court. He has not alternatively asked to file yet another amended petition in this action. Our direction that the district court enter a judgment of dismissal without prejudice will allow Brull to file a new and presumably better pleaded action, if he so chooses.

*Brull Fails to Show Amended Petition States Colorable Claims*

In rounding out our review, we consider Brull's arguments—often conclusory and without ties to the record—that his amended petition stated claims that deserved to be

6

litigated further. As we have already said, neither Brull's pitch on appeal nor the content of his amended petition leads us there.

So we turn to a close examination of Brull's amended petition. Brull has referred to various state statutes. But he has not outlined viable claims under any of them. The statutory references are not linked to factual allegations that would state a claim. Despite its length, the amended petition conspicuously lacks factual representation as opposed to conclusory or speculative assertions. Generic allegations typically do not state viable claims. Here, for example, Brull alleges: "Defendants have failed and continue to fail to ensure that Larned State Hospital patients/residents are free from undue or unreasonable restraint and seclusion." But he offers no factual contentions that he or someone else detained as a sexually violent predator has been improperly restrained, let alone indicating the time or manner of the restraint or the ostensible reason for it. The assertion is no more than an empty legal vessel.

As to any possible state law claims, the amended petition has another fundamental weakness undermining its viability. A sexually violent predator suing on a state law claim first must exhaust administrative remedies and then establish exhaustion when filing a civil action. K.S.A. 2023 Supp. 59-29a24. Likewise, a person seeking habeas corpus relief under K.S.A. 60-1501 for some form of unlawful detention must pursue administrative remedies and show they have done so. Brull has not alleged he exhausted his administrative avenues of review. He, therefore, has failed to satisfy a condition precedent for suing on any state law claims, rendering his amended petition legally deficient. See *Sperry v. McKune*, 305 Kan. 469, 487-88, 384 P.3d 1008 (2016); *Strader v. Zmuda*, No. 126,051, 2024 WL 62939, at *2 (Kan. App. 2024) (unpublished opinion). But that pleading requirement does apply to federal claims, such as those brought under 42 U.S.C. § 1983. *Sperry*, 305 Kan. at 483.

As we have said, in attempting to plead his claim under 42 U.S.C. § 1983, Brull has sued only Howard and has done so in her official capacity, although the amended petition repeatedly refers generally to "defendants." An official capacity suit is legally treated as one against the governmental entity itself, here the State of Kansas. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Rodemaker v. City of Valdosta Board of Education*, 110 F.4th 1318, 1328 (11th Cir. 2024) (discussing difference between individual capacity and official capacity actions against governmental officials). Brull has requested only injunctive relief, consistent with an official capacity suit.

In a § 1983 claim against a governmental entity rather than against a governmental agent sued in their personal capacity, a plaintiff must show that any violation of their federally protected rights resulted from intentional conduct or deliberate indifference animated by a policy or practice. *Graham*, 473 U.S. at 166 (in official capacity suit, government's policy or custom "must have played a part in the violation of federal law"); *Myrick v. Fulton County, Georgia*, 69 F.4th 1277, 1298-99 (11th Cir. 2023); *Doe v. United States*, 831 F.3d 309, 317-18 (5th Cir. 2016). Mere negligence is insufficient to support a claim. *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (state official's "lack of due care" does not violate Fourteenth Amendment to United States Constitution); *Vasquez v. District of Columbia*, 110 F.4th 282, 289 (D.C. Cir. 2024); *Dundon v. Kirchmeier*, 85 F.4th 1250, 1257 (8th Cir. 2023). The policy or practice need not be written but must be sufficiently well-known to be recognized and accepted. *Myrick*, 69 F.4th at 1299; *Doe*, 831 F.3d at 318.

Against that legal backdrop, Brull launches a series of appellate arguments for reinstating his amended petition:

• Brull has alleged unidentified failures to provide treatment to the persons held as sexually violent offenders and casts the process as constitutionally deficient. But Brull

8

has not identified any substantive deficiencies in the treatment protocols or how those protocols have been implemented. The allegation has been presented without any supporting factual representations.

• Brull contends the district court committed reversible error in denying the joinder of Timothy Thompson and Robert Davies as plaintiffs. Joinder here would be a discretionary determination based, in part, on the similarity of their claims to Brull's. See K.S.A. 2023 Supp. 60-220(a)(1); K.S.A. 2023 Supp. 60-221 (district court "may at any time, on just terms, add or drop a party"); *Landmark Nat'l Bank v. Kesler*, 289 Kan. 528, 544, 216 P.3d 158 (2009) ("joinder is evaluated under an abuse of discretion standard"). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Biglow v. Eidenberg*, 308 Kan 873, 893, 424 P.3d 515 (2018). As the party asserting an abuse of judicial discretion, Brull bears the burden of proving his contention. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

Brull has shown no error here. The contours of his purported claims cannot be gleaned from the amended petition. We, therefore, cannot say that whatever Thompson and Davies might allege would be sufficiently like his claims to warrant their joinder. Moreover, they remain free to bring their own actions to redress any wrongs they purport to have suffered.

• Brull contends he has sufficiently alleged the administrative grievance process for sexually violent predators is constitutionally inadequate. Brull asserts he has filed nearly 400 grievances since he completed his federal prison sentence and has returned to the treatment program and those grievances have not been fairly handled. We presume a governmental grievance process must be fair in some broad sense and cannot discriminate based on protected class characteristics of a grievant, and we further

9

presume an unfair or impermissibly discriminatory grievance mechanism would amount to a constitutional due process violation. But Brull has offered no factual representations showing the grievance process to be improper on its face or that Howard has fostered a policy or practice of unfairly deciding grievances. At best, Brull has suggested the grievance process may be cumbersome and slow, but that is not the same as it being unconstitutional.

• Brull complains that the district court improperly declined to consider his requests for a temporary restraining order and a temporary injunction. But if Brull's amended petition stated no legal grounds for relief—and it does not—then the district court had no basis for even considering interlocutory remedies, such as a mandatory or status quo injunction. The contention is without merit on appeal.

• Brull devotes about 13 pages of his brief to reciting generalized complaints about the ostensible failure of the State to provide adequate care and treatment of confined sexually violent predators that likely would lead to their release. The extended discussion of the treatment regimen is entirely generic, referring broadly to "residents" in the program without tying the complaints to particular aspects of the program protocols or to Brull's treatment in particular. In his brief, Brull also contends that from time to time he has had property taken or the conditions of his confinement changed in retaliation for voicing complaints about the physical environment or the treatment processes for sexually violent offenders.

But the brief contains no citations to the appellate record supporting those generalized complaints. The amended petition does no more than spin out general grievances without any factual anchors. The district court found the amended petition did not state a claim upon which relief could be granted based on those assertions. And Brull has done nothing on appeal to show us that the district court erred in its conclusion.

10

• For the first time on appeal, Brull contends the district court is biased or prejudiced and, therefore, ruled against him. Brull cites the district court's rulings adverse to some sexually violent predators in earlier litigation. But a district court's negative rulings alone do not establish impermissible bias or prejudice. *State v. Hurd*, 298 Kan. 555, 570-71, 316 P.3d 696 (2013); *Whittker v. State*, No. 120,140, 2020 WL 1969436, at *3 (Kan. App. 2020) (unpublished opinion). The point fails.

• Brull argues that Howard, as the agency head, is statutorily responsible for approving and overseeing the policies and practices of the department and of the sexually violent predator program. That's true, but it doesn't make her or the State liable for an employee's discrete violation of those regulations. First, the employee's conduct would have to be a constitutional wrong or a violation of federal law to be actionable under 42 U.S.C. § 1983 in addition to a breach of the regulations. A violation of a state agency's own regulations does not necessarily inflict a constitutional injury. See *Taylor v. Kansas Dept. of Health & Environment*, 49 Kan. App. 2d 233, 242, 305 P.3d 729 (2013). Moreover, that conduct could not be imputed to Howard or the State. Vicarious liability or respondeat superior principles extending fault to entities or supervisors for the wrongful conduct of their employees or subordinates do not apply under § 1983. *Iqbal*, 556 U.S. at 676; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986) (recognizing § 1983 "could not be interpreted to incorporate doctrines of vicarious liability"); *Toliver v. Cain*, No. 2:21-cv-01232-JR, 2022 WL 561983, at *2 (D. Ore. 2022) (unpublished opinion) ("[I]t is well established that § 1983 does not impose liability upon state officials for the acts of their subordinates under a *respondeat superior* theory of liability."). Brull's amended petition failed to state a claim on that basis.

• On appeal, Brull raises three points in exceptionally abbreviated fashion, relying only on short conclusory descriptions without any specific factual elaboration or citation to the record where some sort of detail might be found. In his brief, Brull simply asserts:

11

(1) individuals working in the sexually violent treatment program impermissibly confined program participants to seclusion rooms or their assigned rooms, often with a retaliatory motive; (2) unidentified aspects of the treatment program violated the Fourteenth Amendment in some way; and (3) program participants were not permitted to worship as they wished in violation of their First Amendment right to the free exercise of their religious beliefs. The amended petition does not outline factual allegations sufficient to go forward on these vaguely stated grounds. In short, we have been given nothing of legal or factual substance to review for possible error. What Brull has presented to us on appeal is tantamount to no argument at all. See *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (points raised incidentally on appeal deemed abandoned); *Wrinkle v. Norman*, 297 Kan. 420, 426, 301 P.3d 312 (2013). We find no basis for granting relief on these points.

• Brull claims a due process violation because the district court took too long in ruling on the motion to dismiss his amended petition. Brull has identified no actual prejudice to him resulting from the time the district court took to consider the motion apart from his continued confinement. The Clerk of the Pawnee County District Court filed Brull's petition on October 4, 2021. Brull did not immediately serve Howard, and the district court filed his amended petition on June 1, 2022. Howard filed a motion to dismiss and supporting memorandum in mid-June. Brull served and filed his opposition to the motion about a week later. The district court entered its ruling dismissing this action on November 22, 2022. Given the length of the amended petition and the ancillary motions Brull filed for interlocutory injunctive relief, we fail to see any inordinate delay in the district court's handling of this case, particularly based on the comparatively short time between the filing of the amended petition and the dismissal ruling.

Moreover, to the extent Brull believed he had been aggrieved by the delay, his remedy would have been seeking relief in mandamus from an appellate court directing the district court to rule. See K.S.A. 60-801 et seq.; *Clark v. Sullivan*, No. 110,394, 2014

12

WL 4627587, at *8 (Kan. App. 2014) (unpublished opinion). Now that the district court has ruled, any dispute over the time it took for a ruling no longer presents a justiciable controversy that would afford Brull a remedy. As the *Clark* court recognized, granting a plaintiff a favorable ruling on the merits of their underlying claim as relief for a purportedly impermissible delay in a district court's issuance of an adverse judgment would be "an extravagant and arbitrary remedy." 2014 WL 4627587, at *8. So, too, here.

Reversed and remanded to the district court with directions to enter a judgment of dismissal without prejudice.